FILED
 2006 Nov-02  PM 02:35
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 5:06-cr-00112-KOB-JEO |
| ) | |
| JIMMY DOYAL HINDMAN ) | |

### MEMORANDUM OPINION

This matter is before the court on the motion to strike submitted by the United States (doc. 43) and the defendant's response thereto and his motion to dismiss Counts Three and Five of the indictment (doc. 57).

### BACKGROUND

The defendant initially was indicted on March 29, 2006.  Counts One and Three charged him with bank robbery and Counts Two and Four charged him with using a firearm during the respective robberies.  On August 1, 2006, the grand jury superseded the previous indictment, adding a second defendant, Billy Don Harvey, and adding a new Count One that charged only Hindman with the interstate transportation of a stolen motor vehicle.  (Doc. 24).  Each of the previous indictment counts remained and were renumbered Counts Two through Five.  *Id*.  While revising the indictment, the prosecution failed to change the language in the firearms counts to reflect the renumbering of the counts charging the armed bank robberies.  This caused the "as charged in count . . . " language of the firearms counts to be in error.

Recognizing the mistake, the United States moved to strike the references in Counts Three and Five of the superseding indictment to the specific robbery counts.  (Doc. 43).  In the motion, the United States also erroneously stated that the superseding indictment alleged that the defendant was charged in Count Five with "brandishing" a firearm during a crime of violence.  *Id.*

at 2.

On September 14, 2006, the court granted the motion to strike as to Hindman, requiring the United States to present a revised indictment for use at trial. (9/14/2006 Docket Entry). On September 18, 2006, co-defendant Harvey entered a plea of guilty. By agreement of counsel and defendant Harvey, the phrase "as charged in Count Three of this Indictment" was stricken from Count Five and he pled guilty to Counts Four (armed bank robbery) and Five (using and carrying a firearm during a crime of violence).

Harvey filed his motion to dismiss the indictment (doc. 57) asserting that the errors just noted by the court are substantive errors that cannot be corrected by striking the unnecessary language. He seeks a dismissal of the firearms counts (Counts Three and Five).

## DISCUSSION

In *United States v. Miller*, 116 F.3d 641, 669-70 (2d Cir. 1997), the court noted as follows:

> It is well established that "[u]nder the Fifth Amendment, a criminal defendant has the right to be tried only on the charges contained in the indictment returned by a grand jury." *United States v. Helmsley*, 941 F.2d 71, 89 (2d Cir. 1991), *cert. denied*, 502 U.S. 1091, 112 S. Ct. 1162, 117 L. Ed. 2d 409 (1992). "An unconstitutional amendment of the indictment occurs when the charging terms are altered. . . ." *Id*. However, the correction of merely technical errors, such as typographical or clerical mistakes, is permissible where it does not alter the essential substance of the charging terms. *See, e.g., United States v. Willoughby*, 27 F.3d 263, 266 (7th Cir. 1994); *United States v. Lake*, 985 F.2d 265, 271 (6th Cir. 1993).

The striking of the references in the firearms counts in the superseding indictment to particular counts does not change the substance of the charges against the defendant. The deletions merely correct the scrivener's errors. The defendant's motion to dismiss accordingly is due to be denied.

To the extent that the defendant asserts that he has not been given adequate notice of the

date of the gun offenses because of the improper references, the court disagrees. Both firearms offenses (Counts Three and Five) contain specific dates that relate to each armed bank robbery.[1]

To the extent that the motion to strike of the United States also incorrectly references that the indictment uses the word "brandishing," the court does not find that significant. Both firearms counts clearly charge that the defendant "use[d] and car[ried] a firearm . . . during and in relation to a crime of violence." (Doc. 24 at 2-4). Neither count uses the word "brandishing." Even if the proof at trial shows that the defendant "brandished" a firearm during either robbery, that is not a matter that must be delineated in the indictment. *See Harris v. United States*, 536 U.S. 545, 122 S. Ct. 2406, 153 L. Ed. 2d 524 (2002) ("'brandishing' and 'discharging' are mere sentencing factors to be found by judge, rather than elements of offense to be found by jury" for purposes of 18 U.S.C. § 924).[2]

## CONCLUSION

Premised on the foregoing, the defendant's motion to dismiss (doc. 57) is due to be denied. An order in accordance with this finding will be entered.

**DONE**, this the 2nd day of November, 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that the firearms violation dates correctly correlate with the dates of the two bank robberies charged in Counts Two and Four.

[2] The reasoning for this conclusion is that the "brandishing" enhancement in § 924(c)(1)(ii) does not increase the maximum penalty, only the mandatory minimum.